UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-660-FDW

| TERRY GILMORE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| DAVID MITCHELL, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on an initial review of the pro se federal habeas petition which Petitioner filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

I. BACKGROUND

Petitioner was convicted in Gaston County Superior Court on December 4, 2006, following a jury trial on one count of first-degree murder, one count of first-degree burglary, and one count of robbery with a dangerous weapon. Petitioner was sentenced to a term of life imprisonment on the murder conviction, to be followed by a consecutive term of 9-12 years' imprisonment on the robbery conviction, with such term being ordered to run concurrently with the burglary conviction. Petitioner's convictions and sentences were upheld on appeal. See State v. Gilmore, 659 S.E.2d 98 (Table) (N.C. Ct. App.), disc. review denied, 663 S.E.2d 430 (N.C. 2008). Petitioner collaterally challenged his criminal judgment in state superior court but his efforts were unsuccessful, and the North Carolina Court of Appeals denied his petition for a writ of certiorari. See Gilmore v. State of North Carolina, No. P09-294 (N.C. Ct. App. Dec. 29. 2010).

1

Following denial of relief in state court, Petitioner filed a pro se § 2254 petition in this district in July 2011. See (3:11-cv-367-RJC, Doc. No. 1). The Court granted Respondent's motion for summary judgment after finding that Petitioner's claims for relief were without merit and Petitioner did not appeal. (Id., Doc. No. 11: Order).

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Cases provides that the court must promptly examine a § 2254 petition and must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief . . ." Rule 4, 28 U.S.C.A. foll § 2254.

## III. DISCUSSION

In the present § 2254 petition, Petitioner argues (1) an accumulation of trial court errors created a fundamental miscarriage of justice; (2) that he received ineffective assistance of counsel; (3) there was insufficient evidence to support his first-degree robbery conviction; and (4) he was acting in self-defense when he shot the victim.

Petitioner's 2011, Section 2254 petition was denied and dismissed in this district as being without merit and Petitioner did not appeal the Court's order denying federal habeas relief. In that § 2254 proceeding, Petitioner raised, among other claims, that there was trial court error, he received ineffective assistance of counsel, and that his charge of first-degree burglary should have been dismissed for insufficient evidence; this latter claim was expressly rejected first by the North Carolina Court of Appeals and by the Court in 2011 habeas proceeding.

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides for an express limitation on a petitioner's ability to attack his criminal judgment in a subsequent

2

collateral proceeding. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[1]

Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition. Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v.Winestock, 340 F.3d 200, 205 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (internal citation omitted).

For the reasons stated herein, the Court finds that the present § 2254 petition should be dismissed without prejudice as an unauthorized, successive § 2254 petition.

## IV.     CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. Petitioner's petition for habeas relief is **DISMISSED** without prejudice. (Doc. No. 1).

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a

---

[1] Petitioner's blank assertion that he is actually innocent of any of the state charges for which he was convicted is meritless as he is merely presenting the substance of claims that have previously been rejected: claims such as trial court error, challenge to the sufficiency of the evidence, and ineffective assistance of counsel. Finally, Petitioner's contention that he was acting in self-defense which he presents in this § 2254 proceeding is nothing short of another challenge to the sufficiency of the evidence and must also fail.

3

substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: December 1, 2014

Frank D. Whitney
Chief United States District Judge